# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-7137**

**September Term, 2023**

**1:23-mc-00096-UNA**

**Filed On:** January 24, 2024

Lena Marie Lindberg,

      Appellant

    v.

Bruce Lee Assam, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Childs, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to adopt records, and the motion to seal, it is

**ORDERED** that the motion to adopt records be denied. Appellant has not demonstrated that the records in her other cases are relevant to this appeal. It is

**FURTHER ORDERED** that the motion to seal be denied. Appellant has not overcome the strong presumption in favor of public access to judicial records. See Johnson v. Greater Se. Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's October 3, 2023 order denying without prejudice appellant's petition for writ of error coram nobis be affirmed. The district court did not err by concluding that the petition, which suggested that appellant had been detained by state authorities in Florida and/or Illinois, did not identify any relevant criminal judgment, and that, to the extent the petition sought to challenge a conviction resulting from a criminal judgment entered by a state court, the court lacked jurisdiction. See United States v. Denedo, 556 U.S. 904, 913 (2009) (explaining that, to grant a writ of error coram nobis, a court "must have had statutory

subject-matter jurisdiction over [the] original judgment of conviction").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk